UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS and THE TRUSTEES THEREOF,<br><br>Plaintiffs,<br><br>v.<br><br>LLANOS MAINTENANCE SERVICE and MJO DRY WALL CONSTRUCTION LLC,<br><br>Defendants. | Civil Action No.: 18-cv-<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiffs New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof (the "Funds"), being administered at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306, by their undersigned attorneys, allege and say as follows:

## NATURE OF THE ACTION

1. This is an action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent contributions to employee benefit plans and for related relief.

## PARTIES

2. Plaintiff Funds are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and include employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds bring and maintain this

1

action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Funds are administered at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

3. Plaintiff Trustees of the Funds are fiduciaries of the Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Trustees bring this action on behalf of themselves, the Funds and its participants and beneficiaries pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Trustees maintain their offices and principal place of business at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

4. Upon information and belief, Defendant Llanos Maintenance Service ("Llanos") was and still is an employer within the meaning of section 142 of the LMRA, 29 U.S.C. § 142, with an office and place of business located at 315 Madison Street, Passaic, New Jersey 07055. Llanos is an employer in an industry affecting commerce within the meaning of ERISA, including sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12).

5. Upon information and belief, Defendant MJO Dry Wall Construction LLC ("MJO") was and still is an employer within the meaning of section 142 of the LMRA, 29 U.S.C. § 142, with an office and place of business located at 315 Madison Street, Passaic, New Jersey 07055. MJO is an employer in an industry affecting commerce within the meaning of ERISA, including sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 185 and 1132(e).

7. Venue properly lies in this District pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2) because the Funds are administered in New Jersey and Defendants do business in New Jersey.

## FACTS

8. Llanos is a contractor which was and still is a signatory to a Collective Bargaining Agreement ("CBA") with the New Jersey Building Construction Laborers District Council and Local Unions ("the Union").

9. Pursuant to the terms of the CBA, Llanos is obligated to remit fringe benefit contributions to the Funds for covered work performed by its employees.

10. Pursuant to the terms of the CBA, Funds have the "right to inspect at all reasonable times the payroll, employment and other such records of the Employer as are pertinent to questions of the accuracy" of contributions to the Funds.

11. A payroll compliance audit of Llanos for the period from December 1, 2015 through March 31, 2017 revealed that it had failed to make required contributions to the Funds in the amount of $1,793,214.34.

12. Despite demand, Llanos failed to remit these contributions, and pursuant to the terms of the CBA, this dispute was submitted to arbitration on or about January 31, 2018 before the duly designated arbitrator, J. J. Pierson, Esq. ("Arbitrator").

13. After finding that Llanos was duly notified of the hearing and considering the evidence presented, the Arbitrator issued an Opinion and Award dated February 2, 2018, in favor of the Funds and against Llanos in the amount of $2,957,167.56 ("Award").

14. On or about July 16, 2018, the United States District Court, District of New Jersey entered judgment in *New Jersey Building Laborers' Statewide Benefit Funds and the Trustees Thereof v. Llanos Maintenance Service*, 18-cv-10721, confirming the Award in the amount of $2,957,167.56 in favor of the Funds and against Llanos. A copy of the judgment and order is attached as Exhibit A.

15. Pursuant to the terms of the CBA, Llanos, its owners, officers and agents are prohibited from operating other business entities to circumvent their obligations thereunder:

> In order to protect and preserve work for the employees covered by this Agreement and to protect the benefits to which employees are entitled to under this Agreement, and to prevent any device or subterfuge to avoid the protection and preservation of such work and benefits, it is agreed that when the Employer performs any work of the type covered by this Agreement at any work site (1) under its own name, or (2) under the name of another entity (whether a corporation, company, partnership, joint venture, or any other business entity) where the Employer, including its owners, stockholders, officers, directors, or partners, exercise either directly or indirectly (such as through family members or company employees) any significant degree of ownership, management or control, the terms of this Agreement shall be applicable to all such work.

### The Relationship Between Llanos and MJO

16. On or about August 9, 2017 MJO was incorporated in New Jersey with Valeriano Martinez ("Mr. Martinez") as a principal.

17. Upon information and belief, at relevant times, Defendants shared common ownership, management, interrelated operations, and centralized control of labor relations:

   a. Llanos and MJO perform construction work;

   b. Mr. Martinez is the president of Llanos and a principal of MJO;

   c. MJO maintains a place of business and operations at the same address as Llanos, located at 315 Madison Street, Passaic, NJ 07055; and

   d. MJO maintains working relationships with certain general contractors who have previously employed Llanos.

18. Upon information and belief, at relevant times, Defendants shared resources, assets, and employees who performed work covered by the CBA.

19. Upon information and belief, at relevant times, Defendants acted as a single integrated enterprise; there were no arm's length relationships between them.

20. Upon information and belief, at relevant times, Llanos's owners, officers, directors, or partners, exercised either directly or indirectly, a significant degree of ownership, management or control of MJO's operations.

21. Upon information and belief, MJO was created to evade Llanos's obligations under the CBA.

## COUNT I

### (Unpaid contributions for December 1, 2015 through March 31, 2017 - ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145 against all Defendants)

22. Plaintiffs repeat the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

23. At relevant times, Defendants shared common ownership, management, interrelated operations and centralized control of labor relations.

24. At relevant times, Defendants were operated as a single integrated enterprise and are a single employer for the purposes of collective bargaining obligations.

25. Alternatively, Llanos and MJO are alter egos of each other and are jointly and severally liable for Llanos's delinquent contributions pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

**WHEREFORE**, Plaintiffs pray for the following relief:

  (a) judgment jointly and severally against Defendants in favor of the Funds in the amount of $2,957,167.56; and

  (b) such other legal or equitable relief as the Court deems appropriate.

## COUNT II

### (Unpaid contributions for March 31, 2017 through the present - ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145 against all Defendants)

26. Plaintiffs repeat the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

27. Upon information and belief, at relevant times, individuals paid by Defendants performed work covered by the CBAs for which no contributions were made.

28. Upon information and belief, Llanos formed and operated MJO in violation of the CBA.

29. Upon information and belief, at relevant times, Llanos used MJO to evade its contractual and statutory obligations to the Funds.

30. At relevant times, Defendants were operated as a single integrated enterprise and are a single employer for the purposes of collective bargaining obligations.

31. Alternatively, Defendants are alter egos of each other and are jointly and severally liable for Llanos's delinquent contributions pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

**WHEREFORE**, Plaintiffs pray for the following relief:

(a) an order that Defendants submit to payroll audits covering the period from March 31, 2017 through the present;

(b) judgment jointly and severally against Defendants in favor of the Funds for unpaid contributions in an amount to be determined based on the payroll audits;

(c) interest on the unpaid contributions;

(d) liquidated damages;

(e) reasonable attorney's fees and costs; and

(f) such other legal or equitable relief as the Court deems appropriate.

## COUNT III

### Unpaid contributions for March 31, 2017 through the present - ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145 against MJO)

32. Upon information and belief, substantially all of Llanos's assets were transferred to MJO.

33. Upon information and belief, at relevant times, there was continuity of operations between Defendants:

   a. MJO employed substantially all of Llanos's management and supervisory personnel;

   b. MJO employed a part of Llanos's workforce;

   c. MJO used Llanos's offices, equipment and machinery;

   d. MJO worked with certain general contractors who had previously employed Llanos; and

   e. MJO performed the same construction services as Llanos.

34. Upon information and belief, at relevant times, MJO had notice of Llanos's delinquent ERISA fund contributions. Mr. Martinez, Llanos's president and MJO's principal had knowledge of Llanos's unfair labor practices and unpaid contributions.

35. To the extent that Llanos is no longer in business, MJO is a successor employer such that it is liable for their delinquent contributions.

WHEREFORE, Plaintiffs pray for the following relief:

(a) judgment against MJO in favor of the Funds in the amount of $2,957,167.56;

(b) judgment against MJO in favor of the Funds for unpaid contributions in an amount to be determined based on the payroll audits;

(c) interest on the unpaid contributions;

(d) liquidated damages;

(e) reasonable attorney's fees and costs; and

(f) such other legal or equitable relief as the Court deems appropriate.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

Dated: August 23, 2018         */s/ JENNIFER CHANG*

_____
JENNIFER CHANG

## CERTIFICATION WITH LOCAL RULE 11.2

The undersigned hereby certifies that this matter in controversy action is not the subject of any other action pending in any court, arbitration or administrative proceeding.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

Dated: August 23, 2018         */s/ JENNIFER CHANG*

_____
JENNIFER CHANG

# Exhibit A

Jennifer Chang, Esq. (JC5716)
**KROLL HEINEMAN CARTON, LLC**
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830
Tel: (732) 491-2100
Fax: (732) 491-2120
*Attorneys for Petitioners*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, | Hon. |
| | Civil Action No. 18- 10721 |
| Petitioners, | **CIVIL ACTION** |
| v. | **JUDGMENT** |
| LLANOS MAINTENANCE SERVICE, LLC, | |
| Respondent. | |

**THIS MATTER** having come before the Court by Kroll Heineman Carton, LLC (Jennifer Chang, Esq., appearing) pursuant to a Petition to Confirm Arbitration Award; the Court having fully and thoroughly considered the matter as well as any pleadings, motions, and oral argument of counsel; and a decision having been duly rendered by this Court;

**IT IS** on this 16th day of July 2018,

**ORDERED AND ADJUDGED** that Petitioners shall recover from Respondent Llanos Maintenance Service, LLC, the sum of $2,957,167.55, plus court's filing fee in the amount of $400.00.

Judge, United States District Court
JOHN MICHAEL VAZQUEZ

Jennifer Chang, Esq. (JC5716)
**KROLL HEINEMAN CARTON, LLC**
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830
Tel: (732) 491-2100
Fax: (732) 491-2120
*Attorneys for Petitioners*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, | Hon. |
| | Civil Action No. 18- 10721 |
| Petitioners, | **CIVIL ACTION** |
| v. | **ORDER CONFIRMING ARBITRATION AWARD** |
| LLANOS MAINTENANCE SERVICE, LLC, | |
| Respondent. | |

**THIS MATTER** having come before the Court by Kroll Heineman Carton, LLC, (Jennifer Chang, Esq., appearing) attorneys for Petitioners, pursuant to a Petition to Confirm the Arbitration Award; this Court having fully considered the moving and opposition papers submitted by the parties, as well as the arguments of counsel, if any, and for good and sufficient cause shown;

**IT IS** on this 16th day of July 2018,

**ORDERED, ADJUDGED, AND DECREED** that the Opinion and Award of January 31, 2018 shall and are hereby CONFIRMED.

_____
Judge, United States District Court
JOHN MICHAEL VAZQUEZ